169 N.J. Super. 18 (1979)
404 A.2d 42
AMERICAN DREDGING COMPANY, A CORPORATION, PLAINTIFF-APPELLANT,
v.
STATE OF NEW JERSEY, DEPARTMENT OF ENVIRONMENTAL PROTECTION; RICHARD J. SULLIVAN; THOMAS O'NEILL; AND GEORGE F. KUGLER, JR., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued June 4, 1979.
Decided June 12, 1979.
*19 Before Judges ALLCORN, SEIDMAN and BOTTER.
Mr. Lawrence M. Vecchio argued the cause for appellant (Messrs. Richman, Berry, Ferran & Tyler, attorneys).
Ms. Deborah T. Poritz, Deputy Attorney General, argued the cause for respondents (Mr. John J. Degnan, Attorney General, attorney; Ms. Erminie Conley, Assistant Attorney General, of counsel).
Mr. Stanley C. Van Ness, Public Advocate, filed a brief for amicus curiae Department of the Public Advocate (Mr. Carl S. Bisgaier, Director, Division of Public Interest Advocacy, of counsel; Keith A. Onsdorff, Assistant Deputy Public Advocate, on the brief).
PER CURIAM.
Plaintiff appeals from a judgment upholding the validity of action of the Department of Environmental Protection (DEP) designating part of plaintiff's property as wetlands pursuant to N.J.S.A. 13:9A-1 et seq. and preventing plaintiff from filling the property with dredge spoils. The DEP Commissioner granted a Type "B" Wetlands *20 Permit as to part of the designated area, leaving approximately 80 acres subject to the prohibition against any "regulated activity" without a permit. N.J.S.A. 13:9A-4. On this appeal plaintiff contends that the "wetlands order of August 13, 1973 as applied to [plaintiff's] tract of land deprives [plaintiff] of the practical use of the lands subject to the wetlands order and is an unreasonable exercise of the police power." Plaintiff seeks to declare the order void as applied to the 80-acre section of its property pursuant to N.J.S.A. 13:9A-6 and constitutional prohibitions against the taking of property without just compensation.
Plaintiff's 2500-acre tract of land fronts on the Delaware River in Logan Township. The property is described in some detail in American Dredging Co. v. Selleck, 556 F.2d 180 (3 Cir.1977). As stated in the trial judge's thoughtful opinion in this case, 161 N.J. Super. 504, 514 (Ch. Div. 1978), the restricted area comprises only 3% of plaintiff's entire tract, and that tract must be viewed as a whole in determining the impact and validity of the governmental regulation in question. See Penn Central Transp. Co. v. City of New York, 438 U.S. 104, 130, 98 S.Ct. 2646, 2663, 57 L.Ed.2d 631, 652 (1978). Thus, plaintiff has failed to prove that the regulation has prevented all practical use of the property as a whole. Limitations on the use of portions of private property, such as area coverage and buffer zone requirements, are commonly accepted zoning restrictions even though they diminish the usable area of a given piece of property. Quinton v. Edison Park Develop. Corp., 59 N.J. 571, 580-581 (1971); Anderson, American Law of Zoning (2 ed. 1976), § 9.65 at 250. In the case at hand the evidence shows that plaintiff's property is zoned "riverfront industrial" and is subject to a limitation of development to 50% of its area. Thus, even if the wetlands portion could serve no other practical purpose  which the record does not demonstrate  it could serve as the open area segment of the remainder of plaintiff's property when the latter is developed *21 for industrial use. Moreover, by special permit plaintiff may be authorized in the future to utilize a portion of the restricted wetland area in a manner that would serve the ultimate development of the upland sections of its tract.
Accordingly, we concur in the trial court's denial of plaintiff's requested relief and the judgment.